AO 472  (Rev. 3/86)  Order of Detention Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

CASE NO: 08-20600

v

DEMETRIUS STOKES
_____/

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the Defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply.

**Alternative Findings (A)**

(1)     There is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act/ /Controlled Substances Import & Export Act; Section 1 of Act of Sept. 15, 1980.

(2)     The Defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

**Alternative Findings (B)**

(1)     There is a serious risk that the Defendant will not appear.

(2)     There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142 and argues initially that the presumption in favor of detention applies. I agree that the presumption applies because the Defendant faces more than 10 years' potential custody for violations of the Controlled Substances Act. I therefore must consider whether there is sufficient evidence to rebut the presumption in light of the factors set forth in subsection 3142(g).

As to the factors set forth in subsection (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically the possession and distribution of powder and crack cocaine. The grand jury returned an Indictment against Defendant, which establishes a definite weight of evidence – at least rising to the level of probable cause – supporting the charges against Defendant.

As to § 3142(g)(3), I find that Defendant is currently 32 years of age. He has two children and three stepchildren. He has been unemployed since November 2008, having last worked at a fruit market for a period of three months. Defendant was previously employed in a temporary services business for two years. Defendant stated to Pretrial Services that he tries to work part time and has been supported by his wife.

During his interview with Pretrial Services, Defendant conceded that he began using marijuana at age 15 and described himself as a daily user of marijuana for at least the last three years. Urinalysis was positive for a marijuana. Pretrial Services has determined that in the past Defendant has used at least one alias.

In 1993, Defendant pled guilty to carrying a concealed weapon and was sentenced to 24 months of probation. While on that probation, Defendant was charged and pled guilty to felony possession of cocaine less than 25 grams, and individual offender second offense. He was sentenced to one year confinement. In 1998, Defendant was charged in Florida with multiple felonies, including weapons possession and possession of marijuana and cocaine. Defendant stated he does not remember a cocaine charge. Defendant pled guilty and was sentenced to five years' probation. Pretrial Services believes that Defendant was evasive

and less than truthful in his description of these charges.

While on probation, Defendant was charged in Michigan with two felony controlled substances charges and habitual offender third offense.  He pled guilty to these charges in November 1999 and was sentenced to five to 50 years' confinement.  Defendant was a discharged from parole in November 2005.  While on parole, however, the Pretrial Services report notes that Defendant was found guilty of repeated parole violations.  In June 2008, Defendant was charged with delivery and manufacture of between 50 and 500 grams of illegal controlled substances.  While the fact that Defendant was charged is not itself a factor under the Bail Reform Act, Defendant was placed on bond and Defendant's compliance with the state bond is a factor.  While on this bond, Defendant failed at least one urine test.  He was incarcerated and defense counsel correctly points out that bond was reinstated in October 2008 after a hearing.  While counsel properly points to the fact that Defendant was again placed on bond, I cannot lose sight of the fact that the standards utilized under Michigan law are different than those required of me by Congress under the federal Bail Reform Act.

As I review Defendant's conduct under the standards of the Bail Reform Act, and in particular his consistent criminal history, his drug use, and his repeated failures to abide by court supervision, I can come to no other conclusion but that the presumption in favor of detention has not been rebutted on the evidence presented.  I further conclude that even if it had been rebutted, there are no conditions nor any combination of conditions I could impose which would reasonably assure the safety of the community or Defendant's appearance as required for future court hearings.  Therefore, the Government's motion to detain is granted.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Defendant

shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

|  |  |
|---|---|
| Dated: January 8, 2009 | s/ Charles E Binder<br>CHARLES E. BINDER<br>United States Magistrate Judge |

## **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Shane Waller and Eric Proschek, and served on Pretrial Services and the U.S. Marshal's Service by other electronic means.

Date: January 8, 2009        By     s/Jean L. Broucek
                          Case Manager to Magistrate Judge Binder